Rajiv Kumar **DHAM,** Petitioner,

v.

John **ASHCROFT,** Attorney General,\* Respondent.

No. 02–72398.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.\*\*

Decided July 21, 2004.

Allan A. Samson, Esq., San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thankful T. Vanderstar, John S. Hogan, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM \*\*\*

Rajiv Kumar Dham, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. Because the

---

\* John Ashcroft, Attorney General, is substituted for the Immigration and Naturalization Service as the proper respondent. *See* Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), this Court has jurisdiction under 8 U.S.C. § 1105a(a). We review claims of due process violations in immigration proceedings de novo, *Lopez–Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir.2003), and review adverse credibility determinations for substantial evidence, *Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding because Petitioner's testimony on cross-examination was inconsistent with his previous testimony on direct examination. Because the factual discrepancies regarding the details of his alleged arrests and his leadership position in the Bharatia Janata Party went to the heart of his claim, substantial evidence supports the IJ's denial of asylum. *See Chebchoub v. INS*, 257 F.3d 1038 (9th Cir.1991). Because Petitioner failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard of withholding of deportation. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

We do not consider Petitioner's contentions concerning eligibility for relief under the Convention Against Torture because he failed to exhaust this issue before the BIA, *see Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004), and failed to raise it in his opening brief, *see Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

We retain jurisdiction over Petitioner's regulatory challenge to streamlining under *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 852–53 (9th Cir.2003), because "portions of the streamlining decision are non-discretionary determinations that we would ordinarily have jurisdiction to review." *Id.* However, Petitioner's streamlining chal-

lenge fails because the BIA's decision to streamline this case did not contradict the regulatory requirements that the underlying decision be correct, that any errors in the underlying decision were harmless, and that the appeal presents no novel issues of law, or substantial factual or legal issues. *See* 8 C.F.R. § 1003.1(e)(4).

PETITION FOR REVIEW DENIED.